UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 1008

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Case No. |
| Plaintiff, | COMPLAINT FOR VIOLATION OF: |
| v. | Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii) Transportation of Illegal Aliens |
| 1.) Aristeo VALDEZ-Campos, 2.) Edgar Ricardo OLIVO-Cerda | Title 8 U.S.C., Sec. 1324 (a)(2)(B)(iii) Bringing in Illegal Aliens Without Presentation |
| Defendant(s) | |

The undersigned complainant, being duly sworn, states:

### COUNT ONE

On or about **March 31, 2008**, within the Southern District of California, defendant **Aristeo VALDEZ-Campos** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Israel NIETO-Guerrero, Luis Gustavo GONZALEZ-Gutierrez,** and **Rodirgo VICENTE-Gonzales** had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

### COUNT TWO

On or about **March 31, 2008**, within the Southern District of California, defendant **Edgar Ricardo OLIVO-Cerda**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Israel NIETO-Guerrero, Luis Gustavo GONZALEZ-Gutierrez,** and **Rodirgo VICENTE-Gonzales** had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens and upon arrival did not bring and present said aliens immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **2nd** DAY OF **April 2008**

Anthony J. Battaglia
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
1.) Aristeo VALDEZ-Campos
2.) Edgar Ricardo OLIVO-Cerda

## PROBABLE CAUSE STATEMENT

Furthermore, the complainant states that **Israel NIETO-Guerrero, Luis Gustavo GONZALEZ-Gutierrez,** and **Rodirgo VICENTE-Gonzales** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On March 31, 2008, Supervisory Border Patrol Agent L. Miele was conducting intelligence-gathering duties in the Campo, California area of operations. Agent Miele was dressed in street clothes and operating an unmarked service vehicle. At approximately 12:35 p.m., Agent Miele was parked along California State Route 94 about one quarter mile west of Shockey Truck Trail in Campo, California when he observed a silver sedan pass him headed east. The vehicle caught the agent's attention due to its heavily tinted windows and extremely lifted back end, both common characteristics of vehicles used in alien and narcotics smuggling. The lifted suspension in the rear reduces the sagging appearance caused by excess weight when loaded with passengers. Approximately ten minutes later, Agent Miele left his position along Highway 94 and proceeded east to Shockey Truck Trail.

Agent Miele approached the intersection of SR 94 and observed the same silver sedan approaching the intersection from the south along Shockey Truck Trail. Shockey Truck Trail is a notorious smuggling corridor located approximately 13 miles east of the Tecate, California Port of Entry and leads south from SR 94 about six miles north of the United States/Mexico border. Agent Miele observed that the vehicle was traveling at what appeared to be an unsafe speed for the S-turn just south of the intersection, and the back end of the vehicle was swerving back and forth as the driver negotiated the turn. Agent Miele observed that the rear of the vehicle, a Saturn L200, was now visibly sagging as if carrying a heavy weight only approximately ten minutes after having being initially observed.

Agent Miele notified other agents and requested a marked Border Patrol unit to respond and attempt to stop the silver vehicle. Agent Miele attempted to get closer to the silver Saturn in an attempt to run the license plate. The driver of the silver Saturn then made a sudden passing move around a slower moving motorist. This move was made in a blind curve over a double solid yellow line.

Agent Miele then observed the silver Saturn approximately a half mile ahead of him behind several slower moving vehicles. As soon as Agent Miele was within sight of the silver Saturn, he observed the driver make another aggressive pass across a solid yellow centerline and around the vehicle in front of him, running the driver onto the shoulder. At that point it became obvious to Agent Miele that the driver of the silver Saturn, later identified as the defendant #1 **Aristeo VALDEZ-Campos** was aware that he was being followed and was making an active attempt to evade agents. Agent Miele observed as VALDEZ weaved across the solid centerline yet again and passed two more vehicles, pushing them off to the shoulder of the road and nearly striking an oncoming pickup truck.

Agent Miele continued to observe the vehicle as it turned west onto Lake Morena Drive from Buckman Springs Road. Agent Miele advised agents that the vehicle was headed into Lake Morena and was probably going to bail out. Approximately two miles west of Buckman Springs Road, Agent Miele came around a bend in the road and observed the silver Saturn slowing down quickly. As the vehicle was coming to a stop, Agent Miele observed the left arm of a subject opening the driver's door and holding onto the interior hand grip. Agent Miele clearly saw the driver's clothing (a black hooded sweatshirt and light colored pants) and face as he looked back at him while jumping a barbed wire fence in his attempt to abscond.

**CONTINUATION OF COMPLAINT:**
1.) Aristeo VALDEZ-Campos
2.) Edgar Ricardo OLIVO-Cerda



At the same time, another subject exited the front passenger seat, ran around the front of the vehicle and fled on foot with the driver, VALDEZ. This subject was later apprehended and identified as defendant #2 **Edgar Ricardo OLIVO-Cerda**. The rear passenger door then opened and three subjects exited in an attempt to abscond. Agent Miele apprehended all three and prevented the other three subjects still in the passenger compartment from exiting. Agent Miele removed the keys from the ignition of the still-running Saturn and opened the trunk of the vehicle, revealing three more subjects crammed inside. Agent Miele identified himself as a Border Patrol Agent and questioned each of the nine subjects about their citizenship. All nine subjects claimed to be citizens of Mexico illegally in the United States and were arrested. During processing, it was later determined that two of the smuggled aliens were citizens of Guatemala present in the United States illegally.

Border Patrol Agent L. Valdivia pursued VALDEZ and OLIVO on foot, and at approximately 1:20 p.m., he apprehended both subjects with the assistance of uniformed agents and a National Guard Air Operations helicopter. Agent Valdivia identified himself as a Border Patrol Agent and determined both VALDEZ and OLIVO to be citizens of Mexico present in the United States illegally. Both subjects were arrested on suspicion of alien smuggling. VALDEZ was transported back to the scene of the bailout where Agent Miele positively identified him as the driver of the silver Saturn. The two defendants and the nine smuggled aliens were all transported to the Campo Station for processing along with the silver Saturn.

## STATEMENT OF DEFEDNANT #1: Aristeo VALDEZ-Campos

VALDEZ was advised of his Miranda rights and was willing to answer questions without an attorney present. VALDEZ admitted to being a citizen and national of Mexico illegally present in the United States. VALDEZ stated that he traveled to Tijuana, Baja California, Mexico from his home in Nayarit, Mexico with the intention of being smuggled into the United States to live and work. VALDEZ stated that a friend made arrangements for him to be smuggled to San Jose, California for a fee of $2,500.00 US. VALDEZ stated that he and the others in the group of approximately ten were taken to the border and led across by four alien smugglers/foot guides. VALDEZ stated that when they arrived at the pick up spot, the foot guides told the group that they needed a driver and whoever drove would get a $1,000.00 discount.

Once the vehicle arrived, VALDEZ stated that he volunteered, and one of the guides gave him directions where to go and told him that a white pickup truck would pull in front of him.

## STATEMENT OF DEFENDANT #2: Edgar Ricardo OLIVO-Cerda

OLIVO was advised of his Miranda and was willing to answer questions without an attorney present. OLIVO freely admitted to being a citizen and national of Mexico illegally present in the United States. OLIVO stated that he traveled to Tijuana, Baja California, Mexico from his home in Nayarit, Mexico with the intention of being smuggled into the United States to live with his mother and work. OLIVO stated that he made arrangements with an unidentified smuggler to be smuggled to Anaheim, California for $2,000.00

SCF

**CONTINUATION OF COMPLAINT:**
**1.) Aristeo VALDEZ-Campos**
**2.) Edgar Ricardo OLIVO-Cerda**

**MATERIAL WITNESS STATEMENTS:**

Material witnesses **Israel NIETO-Guerrero and Luis Gustavo GONZALEZ-Gutierrez** admitted in that they are citizens and nationals of Mexico illegally present in the United States. Material witness **Rodirgo VICENTE-Gonzales** admitted to being a citizen and national of Guatemala illegally present in the United States. Each stated that they made arrangements in Tijuana Baja California, Mexico to be smuggled to various parts of the United States for fees ranging from $2,000.00 to $2,500.00 US. The material witnesses stated that they entered the United States illegally with the aid of an alien smugglers/foot guides near a mountainous area along the international border. They stated that the group walked for a period of time until they reached a designated location along the Interstate. A vehicle arrived soon after and picked them up. Material witness NIETO and VICENTE were instructed by the foot guides to get in the trunk of the vehicle.

The material witnesses were presented with two separate photographic line-ups. Material witness GONZALEZ was able to positively identify defendant#1 Aristeo **VALDEZ**-Campos as the driver of the smuggling vehicle.

All the material witnesses were able to positively identity defendant #2 Edgar Ricardo **OLIVO**-Cerda as the alien smuggler/foot guide that aided and abetted their illegal entry into the United States.